JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michelle E. Austin, Individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff: **Montgomery County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jerry R. DeSiderato, Esquire / DILWORTH PAXSON LLP, 1500 Market Street, Suite 3500E, Phila, PA 19102 (215) 575-7000

## DEFENDANTS
EQUIFAX, Inc., et al.

County of Residence of First Listed Defendant: **Fulton County, GA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1681, et seq.
Brief description of cause:
VIOLATION OF FAIR CREDIT REPORTING ACT

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** > 150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER: 

DATE: 09/11/2017
SIGNATURE OF ATTORNEY OF RECORD: Jerry R. DeSiderato, Esquire

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 42 Summit Avenue, Eagleville, Pennsylvania 19403

Address of Defendant: (both defendants) 1550 Peachtree Street, NW, Atlanta, GA 30309

Place of Accident, Incident or Transaction: 42 Summit Avenue, Eagleville, Pennsylvania 19403
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☑

Does this case involve multidistrict litigation possibilities?     Yes☑   No☐

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) FCRA, 15 U.S.C. Section 1681, et seq.

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Jerry R. DeSiderato, Esquire, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 09/11/2017      Jerry R. DeSiderato, Esquire      201097
                      Attorney-at-Law                   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/11/2017      Jerry R. DeSiderato, Esquire      201097
                      Attorney-at-Law                   Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MICHELLE E. AUSTIN, individually and on behalf of all others similarly situated<br>v.<br>EQUIFAX, INC. and EQUIFAX CREDIT INFORMATION SERVICES, INC. | : : : : : : | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ☐

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ☐

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ☐

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ☐

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ☑

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ☐

| September 11, 2017 | Jerry R. DeSiderato | Plaintiffs |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215-575-7000 | 215-575-7200 | jdesiderato@dilworthlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE E. AUSTIN, individually and on behalf of all others similarly situated, | : : : : | Civ. A. No. |
| Plaintiffs, | : : | |
| v. | : : : | |
| EQUIFAX, INC., and EQUIFAX CREDIT INFORMATION SERVICES, INC., | : : : : : | JURY TRIAL DEMANDED |
| Defendants. | : : | |

## CLASS ACTION COMPLAINT

Plaintiff Michelle E. Austin, by and through her undersigned counsel, brings this action individually and on behalf of a class of all persons and entities similarly situated, against Equifax, Inc. and Equifax Credit Information Services, Inc. (collectively, "Equifax" or "Defendant") for damages derived from violation of the Fair Credit Reporting Act and of various state laws. Plaintiff alleges facts regarding herself based on personal knowledge, and on information and belief as to all other factual allegations, as follows:

### NATURE OF THE ACTION

1. This is a consumer class action lawsuit brought by Plaintiff, individually and on behalf of all others similarly situated (*i.e.*, the Class Members), who have had their personal information held by Equifax—including names, social security numbers, birth dates, addresses, drivers' license numbers, credit card numbers and other personal identifying information (hereinafter collectively the "Personally Identifiable Information")—unlawfully disclosed to unnamed third parties.

119756622_2

2. Equifax disregarded Plaintiff's and the Class Members' privacy rights by intentionally, willfully, recklessly, or negligently failing to take the necessary precautions required to safeguard and protect their Personally Identifiable Information from unauthorized disclosure.

3. Equifax improperly handled and stored Plaintiff's and the Class Members' Personally Identifiable Information ("PII"). Equifax did not maintain Plaintiff's or the Class Members' PII with applicable, required, and appropriate cyber-security protocols, policies and procedures. Consequently, Plaintiff's and the Class Members' PII was compromised and stolen.

4. Plaintiff brings this lawsuit on behalf of herself and all others similarly situated, alleging that Equifax violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"); the Pennsylvania Unfair Trade Practices and Consumer Protection Law; invaded Plaintiff's and the Class Members' privacy; and acted negligently.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331. This Court also has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court has personal jurisdiction over Equifax because, at all relevant times, Equifax conducted (and continues to conduct) business in the Eastern District of Pennsylvania.

6. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) and (c) because Equifax conducts business in this District.

## PARTIES

7. Plaintiff, Michelle E. Austin, is a Pennsylvania resident who resides at 42 Summit Avenue, Eagleville, Pennsylvania 19403. Plaintiff's PII has been compromised as a result of the

119756622_2

Breach (as hereinafter defined). Plaintiff has had an application for a Chase Visa card submitted in her name and without her authority since the Breach, and this credit application has appeared on Plaintiff's credit report to Plaintiff's financial detriment. Indeed, such unlawful activity may have negatively impacted Plaintiff's recently-obtained financing to purchase her home. Further, Plaintiff has since spent time and effort monitoring her credit and financial accounts, as well as addressing the improper credit application.

8. Defendant Equifax, Inc. is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309. Equifax conducted (and continues to conduct) business in the Eastern District of Pennsylvania.

9. Defendant Equifax Credit Information Services, Inc. is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309. Equifax Credit Information Services, Inc. conducted (and continues to conduct) business in the Eastern District of Pennsylvania.

**BACKGROUND FACTS**

10. Equifax is one of three nationwide credit-reporting companies that tracks and rates the financial history of consumers in the U.S. These credit-reporting companies are supplied with data about loans, loan payments, credit cards, and any other financial obligation of a given consumer.

11. According to Equifax's report dated September 7, 2017, a breach was discovered on July 29, 2017 (the "Breach"). The perpetrators gained access by "[exploiting] a [. . .] website application vulnerability" on one of the company's U.S.-based servers. The hackers were then able to retrieve "certain files."

12. Included among those "files" was Plaintiff's and the Class Members' PII.

3
119756622_2

13. As a result of the Breach, Plaintiff and the Class Members are subject to identity theft.

14. Identity theft occurs when a person's PII is used or attempted to be used without his or her permission to commit fraud and other crimes.[1]

15. Javelin Strategy & Research ("Javelin"), a leading provider of quantitative and qualitative research, released a 2013 Identity Fraud Report (the "Javelin Report"), quantifying the impact of security breaches.[2] According to the Javelin Report, one in four individuals whose PII is subject to a reported security breach—such as the Breach at issue here—will suffer identity fraud or identity theft. *Id.*

16. "[T]he range of privacy-related harms is more expansive than economic or physical harm or unwarranted intrusions and [ ] any privacy framework should recognize additional harms that might arise from unanticipated uses of data."[3]

17. Victims of identity theft are at serious risk of substantial losses. "Once identity thieves have your personal information, they can drain your bank account, run up charges on your credit cards, open new utility accounts, or get medical treatment on your health insurance. An identity thief can file a tax refund in your name and get your refund. In some extreme cases, a thief might even give your name to the police during an arrest."[4]

---

[1] *See* Federal Trade Commission, *Consumer Information: Identity Theft*, available at http://www.consumer.ftc.gov/features/feature-0014-identity-theft (last visited September 11, 2017).

[2] *See* Javelin Strategy & Research, *2013 Identity Fraud Report: Data Breaches Becoming a Treasure Trove for Fraudsters*, available at https://www.javelinstrategy.com/coverage-area/2013-identity-fraud-report-data-breaches-becoming-treasure-trove-fraudsters (last visited September 11, 2017).

[3] *See* Federal Trade Commission, *Protecting Consumer Privacy in an Era of Rapid Change*, at 8 (Mar. 2012), available at http://www.ftc.gov/os/2012/03/120326privacyreport.pdf (last visited September 11, 2017).

[4] *See* Federal Trade Commission, *Warning Signs of Identity Theft*, available at http://www.consumer.ftc.gov/articles/0271-signs-identity-theft (last visited September 11, 2017).

4

119756622_2

18. Identity thieves also use Social Security numbers to commit other types of fraud. Identity thieves use PII to open financial accounts and payment card accounts and incur charges in a victim's name. This type of identity theft can be the most damaging because it may take some time for the victim to become aware of the theft, while in the meantime causing significant harm to the victim's credit rating and finances. Moreover, unlike other PII, Social Security numbers are incredibly difficult to change and their misuse can continue for years into the future.

19. Identity thieves also use Social Security numbers to obtain false identification cards, obtain government benefits in the victim's name, commit crimes, and file fraudulent tax returns to obtain fraudulent tax refunds. Identity thieves also obtain jobs, rent houses and apartments, and obtain medical services in the victim's name using stolen Social Security numbers. Identity thieves also have been known to give a victim's personal information to police during an arrest, resulting in the issuance of an arrest warrant in the victim's name and an unwarranted criminal record. Victims of identity theft face "substantial costs and inconvenience repairing damage to their credit records," as well as damage to their "good name."[5]

20. The unauthorized disclosure of a person's Social Security number can be particularly damaging because Social Security numbers cannot be easily replaced. In order to obtain a new Social Security number, a person must show evidence that someone is using the number fraudulently, as well as show that he has done all he can to fix the problems resulting from the misuse.[6] Thus, a person whose PII has been stolen cannot obtain a new Social Security number until the damage has already been done.

---

[5] *See* Government Accounting Office, *Governments Have Acted to Protect Personally Identifiable Information, But Vulnerabilities Remain* (Jun. 17, 2009), available at http://www.gao.gov/new.items/d09759t.pdf (last visited September 11, 2017).

[6] *See* Social Security Administration, *Identity Theft and Your Social Security Number*, SSA Publication No. 05-10064, October 2007, ICN 46327, available at http://www.ssa.gov/pubs/10064.html (last visited September 11, 2017).

21. Obtaining a new Social Security number also is not a complete remedy for identity theft. Government agencies, private businesses and credit reporting companies likely still have the person's records under the old number, so using a new number will not guarantee a fresh start. For some victims of identity theft, a new number may actually create new problems. Because prior positive credit information is not associated with the new Social Security number, it is more difficult to obtain credit due to the absence of a credit history.

22. PII, such as that stolen during the Breach, is such a valuable commodity to identity thieves that once the information has been compromised, criminals often trade the information on the "cyber black market" for a number of years.[7] Identity thieves and other cyber criminals openly post stolen credit card numbers, Social Security numbers, and other personal financial information on various Internet websites, thereby making the information publically available. In one study, researchers found hundreds of websites displaying stolen personal financial information.[8]

23. Plaintiff and the Class Members have suffered damage resulting from the unauthorized disclosure of their PII. The injuries to Plaintiff and the Class Members were directly and proximately caused by Equifax's failure to properly safeguard and protect Plaintiff's and the Class Members' PII from unauthorized access, use and disclosure, as required by various state and federal regulations, industry practices, and the common law, including Equifax's failure to establish, implement and maintain appropriate administrative, technical and physical

---

[7] Companies also recognize Personally Identifiable Information as an extremely valuable commodity akin to a form of personal property. *See* T. Soma, *et al., Corporate Privacy Trend: The "Value" of Personally Identifiable Information ("PII") Equals the "Value" of Financial Assets*, 15 RICH. J.L. & TECH. 11, at *3-4 (2009).

[8] *See* StopTheHacker, *The Underground Credit Card Blackmarket*, available at http://www.stopthehacker.com/2010/03/03/the-underground-credit-card-blackmarket/ (last visited September 11, 2017).

safeguards to ensure the security and confidentiality of Plaintiff's and the Class Members' PII to protect against reasonably foreseeable threats to the security or integrity of such information.

24. Plaintiff's and the Class Members' PII is private and sensitive in nature and Equifax did not protect that PII adequately. Equifax did not obtain Plaintiff's and the Class Members' consent to disclose their PII to any other person.

25. As a direct and proximate result of Equifax's wrongful actions and inactions and the resulting Breach, Plaintiff and the Class Members have been placed at an imminent, immediate and continuing increased risk of harm from identity theft and identity fraud, requiring them to take the time and effort to mitigate the actual and potential impact of the Breach on their lives, including, among other things, placing freezes and alerts with the credit reporting agencies, closing or modifying financial accounts, and closely reviewing and monitoring their credit reports and accounts for unauthorized activity. Because Plaintiff's and the Class Members' Social Security numbers were stolen and compromised, they also now face a significantly heightened risk of identity theft and identity fraud.

26. Equifax's wrongful actions and inactions directly and proximately caused the theft and dissemination into the public domain of Plaintiff's and the Class Members' PII, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

    a. Theft of their PII (*i.e.*, identity theft);

    b. Unauthorized use of their PII (*i.e.*, identity fraud);

    c. The untimely and inadequate notification of the Breach;

    d. Improper disclosure of their PII;

119756622_2

e. Ascertainable losses in the form of out-of-pocket expenses associated with the detection and prevention of identity theft and unauthorized use of their financial accounts;

f. Damages arising from their inability to use their PII;

g. Loss of use and access to their financial accounts, and the resulting consequences thereof, including missed payments and adverse effects on their credit scores;

h. Ascertainable losses in the form of out-of-pocket expenses associated with mitigating the damage derived from the Breach, including time spent, loss of productivity, and loss of enjoyment of one's life;

i. Ascertainable losses in the form of deprivation of the value of their PII, for which there is a well-established national and international market;

j. Damages arising from the utilization of the PII by criminals on the black market;

k. Deprivation of rights they possess under the FCRA; and

l. Invasion of their privacy.

27. Further, Plaintiff and the Class Members have a continuing interest in ensuring that their private information, which remains in the possession of Equifax, is protected and safeguarded.

28. At all relevant times, Equifax was aware, or reasonably should have been aware, that the PII collected, maintained and stored by Equifax in its electronic systems is highly sensitive, susceptible to attack and theft, and could be used for wrongful purposes by third parties.

29. Plaintiff and the Class Members bring this action to remedy the aforementioned harms resulting from the Breach.

## CLASS ACTION ALLEGATIONS

30. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this class action as a national class action on behalf of herself and the following Class of similarly situated individuals:

> All persons residing in the United States whose PII was acquired by unauthorized persons in the Breach announced by Equifax in September 2017.

Excluded from the Class are (i) Equifax owners, officers, directors, employees, agents and representatives and its parent entities, subsidiaries, affiliates, successors and assigns; and (ii) the Court, Court personnel and members of their immediate families.

31. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this class action as a national class action on behalf of herself and the following Subclass of similarly situated individuals:

> All persons residing in the Commonwealth of Pennsylvania whose PII was acquired by unauthorized persons in the Breach announced by Equifax in September 2017.

Excluded from the Subclass are (i) Equifax owners, officers, directors, employees, agents and representatives and its parent entities, subsidiaries, affiliates, successors and assigns; and (ii) the Court, Court personnel and members of their immediate families.

32. The putative Class comprises over 140 million consumers, making joinder impracticable. Disposition of this matter as a class action will provide substantial benefits and efficiencies to the Parties and the Court.

33. The rights of each Class Member were violated in a virtually identical manner as a result of Equifax's willful, reckless, or negligent actions and inactions.

34. Questions of law and fact common to all Class Members exist and predominate over any questions affecting only individual Class Members including, *inter alia*: